UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brent C. Anderson and Shawnine Shawnine,

        Plaintiffs,        **MEMORANDUM OPINION AND ORDER**

     v.        Civil No. 14-5013 ADM/JSM

Wells Fargo Home Mortgage, Rivertown
Development Group LLC, and Schiller & Adam, P.A.,

        Defendants.

_____

James R. Mayer, Esq., Mayer Brayer LLP, Minneapolis, MN, on behalf of Plaintiffs.

Ashley M. DeMink, Esq. and Ellen B. Silverman, Esq., Hinshaw & Culbertson LLP, Minneapolis, MN, on behalf of Defendant Wells Fargo Home Mortgage.

Sean O. Skrypek, Esq., Kueppers Kronschnabel & Daly, P.A., St. Paul, MN, on behalf of Defendant Rivertown Development Group LLC.

Samuel R. Coleman, Esq., Schiller & Adam, P.A., St. Paul, MN, on behalf of Defendant Schiller & Adam, P.A.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiffs Brent C. Anderson and Shawnine Shawnine's ("Plaintiffs") Objections [Docket No. 45] to United States Magistrate Judge Janie S. Mayeron's July 17, 2015 Order [Docket No. 43]. In that Order, Judge Mayeron granted in part and denied in part Plaintiffs' Motion to Amend the Complaint [Docket No. 38]. For the reasons stated below, Plaintiffs' Objections are sustained.

## II. BACKGROUND

**A. Procedural History**

Plaintiffs initiated this action on November 24, 2014 in Minnesota state court against Wells Fargo Home Mortgage ("Wells Fargo"), Rivertown Development, LLC ("Rivertown"),

Schiller & Adam, P.A. (Counsel for Wells Fargo), and Sean Skrypek (counsel for Rivertown). Compl. [Docket No. 1-1]. In their *pro se* Complaint, Plaintiffs assert claims against Schiller & Adam, P.A. for fraudulently foreclosing on their property and against Wells Fargo for violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and for negligent misrepresentation related to the foreclosure. Compl. ¶¶ 1–9. Although named in the Complaint, no factual allegations or claims were asserted against Rivertown (the purchasers of Plaintiffs' home at a sheriff's sale) or Skrypek. See id.; Wells Fargo's Appx. of Ex. Supp. Mot. to Dismiss ("WF Appx.") [Docket No. 9-1] 31.[1] On December 18, 2014, Wells Fargo removed the action to Federal District Court on the basis of federal question jurisdiction. Notice of Removal [Docket No. 1]; 28 U.S.C. § 1331.

On December 24, 2014, Wells Fargo moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Mot. Dismiss [Docket No. 7]. Rivertown, Skrypek, and Schiller & Adam moved for judgment on the pleadings on January 23, 2015. Mot. J. Pleadings [Docket No. 16]. At oral argument on March 9, 2015, the Court deferred ruling on the motions and referred Plaintiffs to the Federal Pro Se project. See Min. Entry [Docket No. 23]. Plaintiffs later secured the representation of attorney James R. Mayer through the project. Letter [Docket No. 29]. Shortly thereafter, the parties stipulated to the dismissal of Defendant Sean Skrypek, Rivertown's counsel. Stipulation [Docket No. 30].

---

[1] The parties did not submit copies of the mortgage or foreclosure documentation in connection with the Motion to Amend. Wells Fargo did submit this documentation in conjunction with its Motion to Dismiss. Such documents are properly before the Court as they are embraced by the pleadings and a matter of public record. Piper Jaffray v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997); Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999).

On April 15, 2015, Plaintiffs responded to the pending Motion to Dismiss and Motion for Judgment on the Pleadings, arguing that the Court should defer ruling on the motions until Plaintiffs, now with assistance of counsel, could file a Motion to Amend the Complaint.  See Mem. Opp'n Defs.' Mot. Dismiss and J. Pleadings [Docket No. 32].  Plaintiffs filed a Motion to Amend [Docket No. 38] on April 24, 2015.  The Court postponed ruling on the underlying dispositive motions until resolution of this Motion to Amend.

**B. Proposed Amended Complaint and Motion to Amend**

   **1. Factual Allegations**

The Proposed Amended Complaint ("PAC") asserts the following factual allegations. Plaintiffs Anderson and Shawnine are married and live in a home on Rome Avenue in St. Paul, Minnesota.  PAC [Docket No. 38-1] ¶ 3.  In 2003, Anderson paid off the existing mortgage on the property with a new loan secured from Defendant Wells Fargo for $175,000.  Id. ¶ 8.  At the direction of a Wells Fargo representative, Shawnine was added to the mortgage document.  Id. ¶ 9. Although Shawnine's legal name consists of a single name—"Shawnine," she was added to the mortgage document as "Shawnine Shawnine."  Id.  Shawnine signed her name to the document with the singular "Shawnine."  Id.  The mortgage granted Wells Fargo the power of sale in the event of a default.  Id. ¶ 11.

In 2012, the family experienced financial difficulty and began to "struggle" with their mortgage payments.  Id. ¶14.  In March 2013, Schiller & Adam, P.A., counsel for Wells Fargo, provided Plaintiffs with a reinstatement amount after their discussion of the delinquency of the loan.  Id. ¶15. On April 11, 2013, a Wells Fargo representative notified Plaintiffs that additional documentation was needed to determine Plaintiffs' eligibility for mortgage assistance.  Id. ¶ 17.

Plaintiffs timely provided the documentation and told Wells Fargo they would fax any further information upon request. Id. ¶ 18. Wells Fargo did not respond and proceeded with foreclosure. Id.

Plaintiffs subsequently requested and obtained a postponement of the foreclosure sale. Id. ¶ 20. On February 18, 2014, Schiller & Adam, P.A. again notified Plaintiffs that the mortgage had been referred for foreclosure. Id. ¶ 21. Shortly thereafter on February 20, 2014, a Wells Fargo representative contacted Plaintiffs to discuss potential loan modification options. Id. ¶ 22. In April 2014, the representative explained that Plaintiffs qualified for a loan modification under which the interest rate on the loan would not increase. Id. ¶ 23. On April 30, 2014, Plaintiffs wrote to Wells Fargo, seeking clarifications regarding the amount owed and requesting that Wells Fargo "Please extend option for modification repayment plan for modification purposes." Id. ¶ 24. On May 1, 2014, Plaintiffs wrote Wells Fargo to clarify whether the property had been sold. Id.

On May 8, 2014, Wells Fargo provided Plaintiffs with a Temporary Forbearance Agreement (the "Agreement"). Id. ¶ 25. The Agreement required Plaintiffs to make three payments to avoid acceleration of the loan. Id. However, the Agreement set forth terms that were impossible for Plaintiffs to satisfy—the first payment was due on April 1, 2014 (thirty-eight days prior to Plaintiffs receiving the Agreement) and the second payment was due on May 1, 2014 (seven days prior to Plaintiffs receiving the Agreement). Id.

Plaintiffs also received a letter from Wells Fargo dated May 1, 2014, that confirmed receipt of their previous communications and stated that Wells Fargo needed additional time to conduct further research. Id. ¶ 27. On May 14, 2014, Plaintiffs received a follow up letter from

Wells Fargo that "[t]he research and resolution of your inquiry is going to take longer than originally stated."  Id. ¶ 28.  Despite Wells Fargo's May 14 correspondence, Schiller & Adam, P.A. wrote Plaintiffs on May 15, 2014, reporting that the mortgage was referred to their office for foreclosure proceedings.  Id. ¶ 29.  On May 23, 2014, Wells Fargo responded to Plaintiffs' previous inquiries and confirmed that the mortgage had been approved for a trial payment plan on April 14, 2014, but "[o]n May 9, 2014, the loan was removed from the trial payment plan do [sic] to nonpayment.  As of the date of this letter, the loan is in active foreclosure with a scheduled sale date of July 8, 2014, and must be vacated by August 12, 2014, unless the loan is reinstated."  Id. ¶ 30.

Schiller & Adam, P.A. initiated a non-judicial foreclosure on the property and it was sold to Rivertown at a sheriff's sale on July 8, 2014.  Id. ¶¶ 33–34.  The power of attorney authorizing the firm to proceed with the foreclosure sale and the Notice of Sale identified Shawnine as "Shawnine Shawnine."  Id. ¶¶ 33–34.

### 2. Counts Asserted

The PAC alleges four counts solely against Wells Fargo:  Count I—breach of contract; Count II—breach of the duty of good faith and fair dealing; Count III—negligent misrepresentation; and Count IV—violation of the Real Estate Settlement Procedures Act ("RESPA").  Id. ¶¶ 36–63.  The PAC additionally asserts two counts against both Wells Fargo and Rivertown: Count V—quiet title and Count VI—declaratory judgment.  Id. ¶¶ 64–80.  The PAC does not name Schiller & Adam, P.A. as a defendant and eliminates all claims of violations of the Fair Debt Collection Practices Act or the Fair Credit Reporting Act.

Rivertown opposes the PAC, arguing that Counts V and VI are futile as they are based on

meritless violations alleged against Wells Fargo in Counts I through IV. Wells Fargo has not opposed the Motion to Amend. The Magistrate Judge granted in part and denied in part Plaintiffs' Motion to Amend, concluding that Count V (quiet title) and Count VI (declaratory judgment) were futile and thus denying Plaintiffs' Motion to the extent it sought to assert such counts against Rivertown. See Order [Docket No. 43]. Because Wells Fargo did not oppose the Motion to Amend, the Magistrate Judge allowed the PAC to proceed with the claims against Wells Fargo. Id. at 30. As Counts V and VI are premised, in part, on the viability of the underlying claims against Wells Fargo, the Magistrate Judge addressed the merits of Counts I and II (to the extent such counts sought rescission of the foreclosure sale) although Wells Fargo did not object to the PAC. Id. at 12.[2]

**C. Plaintiffs' Objections**

Plaintiffs object to the Magistrate Judge's Order, contending that the Order "made dispositive rulings on Plaintiffs' claims based on arguments not raised by any defendant, not addressed in any briefing, and not discussed in any hearing." Objections at 1. Rivertown responds that the claims brought in the PAC against Rivertown are clearly frivolous and therefore any objections should be overruled.

---

[2] The Magistrate Judge did not address the futility of Count III for Negligent Misrepresentation and Count IV for violations of RESPA as neither count impacts rescission of the sale or Rivertown's property rights. Count III alleges negligent representation based on a Wells Fargo employee's statement that Plaintiffs qualified for loss mitigation options and that their interest rate would not increase. PAC ¶ 56. However, because the claim does not seek rescission of the foreclosure sale, it has no bearing on Rivertown's property rights. Count IV claims Wells Fargo violated RESPA by failing to provide Plaintiffs with loss mitigation options. Id. ¶¶ 61–62. The only remedy available to Plaintiffs on a RESPA claim is monetary damages. Plaintiffs' counsel conceded this point at oral argument before the Magistrate Judge. Order at 21. Because neither Count III nor Count IV affect Rivertown's property rights, they are not relevant to the futility analysis of Counts V and VI asserted against Rivertown.

## III.  DISCUSSION

**A.  Standard of Review**

Rule 15(a) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend the complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Yet, the Court may deny leave to amend "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (internal quotation omitted).  A motion to amend should be denied for futility "only if it asserts clearly frivolous claims or defenses." Gamma–10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted).  "Likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous."  Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999).  A futility challenge is successful where "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted."  DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998) (citations omitted).  "Whether to grant a motion for leave to amend is within the sound discretion of the court."  Becker, 191 F.3d at 908.

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted).  Rule 12, working in combination with Rule 8, requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push

7

claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The standard of review typically applicable to a magistrate judge's order on a nondispositive matter, such as a motion to amend a pleading, is extremely deferential. Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). However, when a magistrate judge denies a motion to amend based on the futility of an amendment, that decision is reviewed by the Court *de novo*. Magee v. Tr. of the Hamline Univ., Minn., 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013) (citing Am. Ins. Co. v. St. Jude Med. Inc., 597 F. Supp. 2d 973, 977 (D. Minn. 2009); In re NVE Corp. Sec. Litig., 527 F.3d 749, 752 (8th Cir. 2008)).

**B. Futility of Claims Asserted**

As noted above, while Rivertown challenges Plaintiffs' Motion to Amend, Wells Fargo does not oppose the motion. The PAC does not assert claims of wrongdoing against Rivertown. Rather, the claims pled against Rivertown for quiet title and declaratory judgment (Counts V and VI) solely challenge Rivertown's rights to the property based on Wells Fargo allegedly conducting an invalid foreclosure sale. These claims are therefore dependent on the viability of the claims against Wells Fargo concerning the foreclosure proceedings. Accordingly, the Magistrate Judge's Order addresses the merits of Counts I for breach of contract and Count II for breach of the implied duty of good faith and fair dealing, pled solely against Wells Fargo, to the extent such counts challenge the foreclosure's validity and seek rescission of the foreclosure

sale. The Magistrate Judge concluded that Counts I and II fail to state a claim upon which relief can be granted and thus these claims cannot provide a basis for seeking to rescind the foreclosure. As a result, the Magistrate Judge held that Plaintiffs' claims for quiet title and declaratory judgment against Rivertown are futile.

The Magistrate Judge's analysis on the merits of Plaintiffs' breach of contract and good faith and fair dealing claims is thorough and well-reasoned. However, the Court finds that because the success of the quiet title and declaratory judgment claims pled against Rivertown is entirely dependent on Wells Fargo's liability, it would be premature to make merit determinations on such claims when they have not been subject to legal briefing from the sole party named as a defendant to the claim.

Plaintiffs' breach of contract claim is illustrative of this point. The claim is premised upon the terms of the mortgage requiring adherence to applicable law. The mortgage states, "all rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law" and defines "Applicable Law" to include "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders." WF Appx. at 11. Plaintiffs argue that in exercising its rights upon default, Wells Fargo violated the Minnesota's Homeowners' Bill of Rights, Minn. Stat. § 582.043, and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617, as well as RESPA's implementing regulation, C.F.R. § 1024, by failing to provide Plaintiffs with a meaningful opportunity to participate in loss mitigation options. Plaintiffs maintain that in violating the Minnesota Homeowner's Bill of Rights and RESPA, Wells Fargo violated "applicable law" under the terms of the mortgage and therefore breached the mortgage contract.

Rivertown counters that Plaintiffs' breach of contract claim, pled only against Wells Fargo, is futile for two reasons. First, Rivertown argues that Plaintiffs have no viable claim under the Minnesota Homeowner's Bill of Rights and therefore any breach of contract claim premised on a violation of this statute is futile. Specifically, Rivertown states that under the statute, Plaintiffs were required to file a notice of lis pendens[3] before the expiration of the mortgagor's applicable redemption period and Plaintiffs failed to do so. Second, Rivertown maintains that even if Plaintiffs establish that Wells Fargo violated RESPA, the statute does not allow the relief Plaintiffs seek from Rivertown because remedy under RESPA is limited to monetary damages. See 12 U.S.C. § 2605(f). At the hearing on the Motion to Amend, Plaintiffs' counsel concurred that the filing of a lis pendens was a prerequisite to obtaining relief under the Homeowner's Bill of Rights and because Plaintiffs failed to do so, Plaintiffs were prohibited from asserting an independent claim under the statute. However, Plaintiffs argued that they could still assert a breach of contract claim based on Wells Fargo's failure to comply with "applicable law," even if a Homeowners Bill of Rights claim could not survive independently. Although present at hearing, counsel for Wells Fargo made no argument.

The Magistrate Judge agreed with Rivertown on the claim's futility, concluding that

---

[3] Minn. Stat. § 582.043, subd. 7 states the following requirements for a notice of lis pendens:
> (a) A mortgagor has a cause of action, based on a violation of this section, to enjoin or set aside a sale. A mortgagor who prevails in an action to set aside or enjoin a sale, or who successfully defends a foreclosure by action based on a violation of this section is entitled to reasonable attorney fees and costs.
>
> (b) A lis pendens must be recorded prior to the expiration of the mortgagor's applicable redemption period under section 580.23 or 582.032 for an action taken under paragraph (a). The failure to record the lis pendens creates a conclusive presumption that the servicer has complied with this section.

Plaintiffs could not recast their Homeowner's Bill of Rights and RESPA claims as ones for breach of contract. In so finding, the Magistrate Judge noted that she "could not locate any cases in the Eighth Circuit or in Minnesota that have addressed the claims and arguments plaintiffs made here" and therefore relied on out-of-circuit case law in finding the claim futile. Order at 14; see e.g., Page v. J.P. Morgan Chase Bank, N.A., 605 F. App'x 272, 275 (5th Cir. 2015) (finding that a deed of trust containing a clause that "all rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law" serves to identify "the law that governs the parties' agreement but does not provide that violation of any such law is a breach of contract"). In their Objections, Plaintiffs argue this reasoning is flawed and cite to a series of cases supporting a mortgagor's ability to assert a breach of contract claim based on violations of HUD lending regulations when compliance with the regulations was explicitly made part of the contractual language. See e.g., Bates v. JPMorgan Chase Bank, 768 F.3d 1126 (11th Cir. 2014) (finding that "HUD regulations clearly referenced in a deed as conditions precedent to the power to accelerate and the power of sale could form the basis of a breach of contract claim").

Although the Court has doubts regarding the ultimate viability of this claim, it would be premature at this time to conclude it is futile. In addressing Rivertown's objection to the Motion to Amend, the Magistrate Judge essentially made a dispositive ruling on an amended claim directed solely against Wells Fargo. Significantly, the only briefing before the Magistrate Judge was provided by Rivertown and focused solely on the underlying viability of the Minnesota Homeowners' Bill of Rights claim and RESPA claim, not on whether Plaintiffs could premise a breach of contract claim on violation of these laws. Given that Plaintiffs have identified at least

some authority recognizing that violations of lending regulations when incorporated into a contract may support a breach of contract claim, it is premature to conclude at this time that Count I is futile—especially when Wells Fargo raised no futility arguments related to this claim. See W&W Steel, LLC v. BSB Steel, Inc., No. 11-2613, 2012 WL 1828928, at *2 (D. Kan. May 18, 2012) (granting leave to amend where the defendants failed to cite to controlling authority that "definitively establish[ed]" that the statutes at issue were not applicable to the factual scenario at bar, stating "[i]n order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed"). After Wells Fargo's dispositive motion practice, the Court will be better positioned to determine whether Plaintiffs' breach of contract claim can legally support a claim to rescind or void the foreclosure sale against Rivertown.

The same reasoning is applicable to Plaintiffs' breach of the implied covenant of good faith and fair dealing claim. That is, Wells Fargo did not oppose this amendment and made no arguments on its futility. The implied duty of good faith and fair dealing extends only "to actions within the scope of the underlying enforceable contract." Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 670 (8th Cir. 2012). "But a plaintiff 'need not first establish an express breach of contract claim' in order to establish breach of the implied duty, as 'a claim for breach of an implied covenant of good faith and fair dealing implicitly assumes that the parties did not expressly articulate the covenant allegedly breached.'" Nelson v. Saxon Mortg. Inc., No. 12-1312, 2014 WL 186163, at *17 (D. Minn. Jan. 16, 2014) (quoting In re Hennepin Cnty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 503 (Minn. 1995)). Here, no party (not even Rivertown) challenged Plaintiffs' contention that they properly based their

12

breach of the implied covenant of good faith and fair dealing claim on the Temporary Forbearance Agreement.  Although it is questionable whether the Temporary Forbearance Agreement constitutes an enforceable contract under which Plaintiffs can allege they were prevented from performing a condition precedent,[4] no party has disputed Plaintiffs' claim that the Agreement was a valid contract.  In sum, the viability of this claim has not been challenged by the party against whom it is pled.  It is therefore improper to conclude at this stage of the proceedings that the claim is futile.

## IV.  CONCLUSION

Because the claims pled against Rivertown for quiet title and declaratory judgment are premised, at least in part, on the viability of Counts I and II against Wells Fargo, and Wells Fargo does not oppose the motion to amend, a determination on the merits of Counts I and II is premature.  As such, Plaintiffs may proceed with their PAC and Rivertown will remain a named party.  To be sure, the Court may ultimately agree with the well-reasoned conclusions articulated in the Magistrate Judge's Order regarding the merits of these claims.  However, the final determination is better deferred until the Court can receive the benefit of briefing from the principal party these claims are pled against.  Without argument from Wells Fargo, the Court is not prepared to conclude at this juncture that the claims asserted in the PAC against Rivertown are clearly frivolous when this conclusion rests on Wells Fargo's liability.

The Court additionally finds that proceeding on the PAC will not result in undue delay or

---

[4] See Myrlie v. Countrywide Bank, 775 F. Supp. 2d 1100, 1109 (D. Minn. 2011) (stating that an action based on a loan modification agreement is barred pursuant to Minn. Stat. § 513.33 unless the agreement is in writing, expresses consideration, lays out terms and conditions, and is signed).

undue prejudice to Rivertown. Rivertown's eviction action in state court related to Plaintiffs' property is currently subject to a stay until the conclusion of the present federal litigation. Order at 7, n.1. Even if the Court were to dismiss Rivertown at this stage of the proceedings under a futility analysis, Rivertown would be unable to retain control of the property until the instant litigation is resolved against Wells Fargo. Furthermore, to minimize any unnecessary burden or additional expense to Rivertown, the Court will construe Rivertown's opposition to Plaintiffs' Motion to Amend as a motion to join in Wells Fargo's future dispositive motion. The Court will consider Rivertown's arguments at that time. Rivertown need not file additional briefing, but may rely on the briefing it has already submitted which addresses the viability of each of the claims asserted against it directly and asserted vicariously through Wells Fargo.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Docket No. 45] are **SUSTAINED**;

2. Plaintiffs' Motion to Amend [Docket No. 38] is **GRANTED**;

3. Plaintiffs shall file their Amended Complaint as proposed within three days of the date of this Order; and

4. Wells Fargo's Motion to Dismiss [Docket No. 7] and Rivertown and Schiller & Adam, P.A.'s Motion for Judgment on the Pleadings [Docket No. 16] related to Plaintiffs' original *pro se* Complaint are **DENIED as moot**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 23, 2015.